IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cr-3 |
| | ) | |
| FRANCISCO ORLANDO BONILLA | ) | |
| LEIVA, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING POSITION OF THE UNITED STATES

The United States of America, by and through its attorney, Alyson C. Yates, Assistant United States Attorney, hereby submits its position with respect to sentencing in this matter. The United States anticipates that the defendant will plead guilty to the pending, single-count Indictment pursuant to a written plea agreement, waive his right to a Presentence Investigation Report (PSR), and consent to proceed to sentencing immediately following his change of plea hearing. The United States does not oppose the defendant's request for immediate sentencing. His plea and sentencing hearing is scheduled for March 10, 2026.

For the following reasons, and as outlined in the forthcoming, written plea agreement, the parties jointly recommend a sentence of time served. The defendant has been in custody since on or about November 7, 2025, and therefore, the requested sentence would be approximately four months' imprisonment. The parties agree that the defendant's Sentencing Guidelines range, based on a total offense level of 10 and a Criminal History Category of I, is 0–6 months' imprisonment. The requested sentence of time served would be sufficient, but not greater than necessary, to accomplish the sentencing objectives set forth in 18 U.S.C. § 3553(a).

## BACKGROUND

As set forth in the agreed-upon Statement of Facts, which will be submitted to the Court by the parties at the defendant's plea hearing, on November 5, 2025, the Virginia Peninsula Regional Jail (VPRJ) notified the United States Immigration and Customs Enforcement (ICE) Norfolk Field Office that the defendant—a citizen of Honduras, who was a deportable alien under 8 U.S.C. § 1227(a) and subject to a pending final order of removal issued by an Immigration Judge—had received bond on local criminal charges for domestic assault, fleeing from law enforcement, and obstructing justice. At around 12:15 p.m., an ICE Deportation Officer ("the victim")—as part of the performance of his official duties—arrived at VPRJ located in Williamsburg, Virginia, to assume custody of the defendant pursuant to the removal order. The victim identified himself to the defendant as an Immigration Agent with Homeland Security. He explained to the defendant that he was being arrested for being illegally within the United States.

At around 12:40 p.m., the victim placed the defendant in restraints, which were applied to his wrists and ankles, and secured the defendant in the rear passenger seat of his transport vehicle. The victim then departed VPRJ en route to the Norfolk Federal Building for further immigration processing and removal of the defendant from the United States. Shortly thereafter, while traveling east on Merrimac Trail, the defendant unbuckled his seatbelt, pulled on the door handle, and rolled down the window of the moving vehicle, attempting to escape custody. The victim commanded the defendant to stop, but the defendant disregarded those commands. The defendant then forcibly impeded attempts to transport him. He successfully escaped custody by jumping out the rear passenger window, while the vehicle was traveling. The victim stopped his vehicle and activated his emergency lights to alert the vehicles that were traveling behind him.

2

The victim exited his vehicle and pursued the defendant, who had rolled towards the guardrail on the ground.  The defendant then stood up and jumped over the guardrail.  As the victim attempted to pursue the defendant on foot, the defendant saw the victim, stood up, and crossed the railroad tracks.  By the time the victim was able to get over the guardrail, the victim lost sight of him.  At this point, the victim contacted state and local authorities and informed his ICE supervisor of the escape.

The ICE supervisor dispatched another Deportation Officer to the scene, who coordinated a search for the defendant with multiple agencies, including James City County Police Department, Newport News Police Department, York County Sheriff's Office, Williamsburg Sheriff's Office, Virginia State Police, and CSX Railroad Police Department.  A two-mile search grid was established, utilizing patrol units, K-9 teams, and drones.

The defendant was located and apprehended by James City County Police officers and ICE agents nearly two hours after he escaped from the victim's vehicle.  Once apprehended, the defendant was observed to have broken free from his ankle restraints.  The defendant took the above actions with the purpose of preventing or hampering his departure from the United States.

Based on the above conduct, on November 7, 2025, the defendant was arrested on a criminal complaint charging him with assaulting, resisting, or impeding certain officers or employees, in violation of 18 U.S.C. § 111.  ECF Nos. 1–2 and 6.  On or about that date, the defendant made his initial appearance, and the government moved for his detention, which was granted.  ECF Nos. 5 and 7.

The defendant's preliminary and detention hearings were held on November 13, 2025. ECF No. 12.  The Court found probable cause to support the criminal complaint and ordered the defendant detained.  *Id.*  The defendant thereafter agreed to extend the government's time to file

3

an indictment through and including January 16, 2026, and the Court entered an order to that effect. ECF Nos. 13–14.

On January 12, 2026, the defendant was indicted on one count of assaulting, resisting, and impeding certain officers or employees, in violation of 18 U.S.C. § 111(a)(1).  ECF No. 15.  His plea and sentencing hearing is scheduled for March 10, 2026.

## **POSITION ON SENTENCING**

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing guidelines are "effectively advisory." *Id.* at 245.  Nonetheless, the advisory nature of the Guidelines "does not mean that they are irrelevant to the imposition of a sentence." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006); *see also United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006).  Indeed, the Guidelines "seek to embody the Section 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, a sentencing court "must consult [the] Guidelines and take them into account when sentencing" to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities."  *Booker*, 543 U.S. at 264 (internal quotation omitted); *United States v. Biheiri*, 356 F. Supp. 2d 589, 593 (E.D. Va. 2005).

A sentencing court should first calculate the range prescribed by the sentencing guidelines after making the appropriate findings of fact.  *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).  Following that calculation, a sentencing court must then "consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence."  *Id.*

4

### A.  The Advisory Guidelines Range

The parties agree that Section 2A2.4 of the Sentencing Guidelines applies to this case and establishes a base offense level of 10.  Additionally, the parties have agreed to recommend no reduction or enhancement of that base offense level, and—provided that the defendant continues clearly to demonstrate acceptance of responsibility for the offense—a two-level reduction is appropriate pursuant to Section 3E1.1 of the Guidelines.  Thus, the parties submit that the defendant's total offense level is 8.

With regard to the defendant's criminal history, as set forth in the Pretrial Service Report filed in this case, ECF No. 10, the defendant has one prior conviction that receives a criminal history point: driving while intoxicated, in New Kent County, Virginia, *id.* at 2.  He was convicted of that charge in 2021 and sentenced to 90 days' imprisonment, all suspended.  *Id.*  Thus, the defendant has a criminal history category of I, and the Sentencing Guidelines recommend a sentence of 0 to 6 months of imprisonment and a fine of $2,000 to $20,000.

### B.  Section 3553(a) Factors

After the Court has properly calculated the Guidelines range and ruled upon all departure motions, the Court must then consider the factors identified in 18 U.S.C. § 3553(a) to fashion a reasonable sentence.  *Gall v. United States*, 552 U.S. 38 (2007).  Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant.  Here, the § 3553(a) factors support a sentence of time served (i.e., approximately 4 months).

### 1.  Nature and Circumstances of the Offense

The defendant is anticipated to plead guilty to Count One of the Indictment, resisting and impeding certain officers or employees, in violation of 18 U.S.C. § 111(a)(1).  The maximum

penalties for this offense are: a term of up to 8 years of imprisonment, a fine of $250,000, full restitution, a special assessment pursuant to 18 U.S.C. § 3013, and a maximum supervised release term of 3 years.  The circumstances of the offense conduct in this case are outlined above, as detailed in the parties' agreed-upon Statement of Facts, which will be filed at the sentencing hearing.  This § 3553(a) factor supports the recommended sentence of time served, which is within the Guidelines range as calculated by the parties.

### 2. History and Characteristics of the Defendant

The defendant, who is thirty years old, was born in and is a citizen of Honduras.  ECF No. 10.  He is a deportable alien and is subject to a pending final order of removal issued by an Immigration Judge on or about March 23, 2023.  *Id.*  In the forthcoming written plea agreement, the defendant acknowledges that he is removable from the United States and agrees not to contest any removal proceedings brought against him by the U.S. Department of Homeland Security.  He further acknowledges that he will be immediately removed from the United States upon the completion of any period of incarceration.

With regard to his criminal history, as previously noted, the defendant was convicted of driving while intoxicated in 2021 and sentenced to all suspended time.  *Id.* at 2.  Additionally, in 2024, he was convicted of driving without a license and speeding in Williamsburg, Virginia.  *Id.* The defendant was found guilty of those offenses in absentia, with a fine and costs imposed.[1]  *Id.* Also as mentioned above, at the time of the offense conduct in this case, the defendant had pending charges in Williamsburg for domestic assault, fleeing from law enforcement, and obstructing justice, as well as public intoxication.  *Id.*  The defendant allegedly committed those offenses on

---

[1] The United States does not believe that the defendant should be attributed any criminal history points for these convictions.  *See* U.S.S.G. § 4A1.2(c)(1), (2).

6

the morning of November 5, 2025, prior to his commission of the instant offense. ICE was contacted when the defendant received bond on those state charges. It appears that the defendant was convicted of resisting arrest, in violation of Virginia Code § 18.2-460(E) on January 9, 2026, with just costs imposed.[2] *See* Gov. Ex. 1; Va. Code § 18.2-460(E). The charges of obstruction, public intoxication, and assault and battery on a family member were nolle prossed. *See* Gov. Exs. 2–4.

Taken as a whole, a sentence of time served (i.e., approximately 4 months) would fairly take into consideration the defendant's history and characteristics. This § 3553(a) factor supports the within-Guidelines sentence jointly recommended by the parties.

### 3. Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public

The sentence jointly recommended by the parties also serves the other factors set forth in § 3553(a), including "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). A sentence of time served (approximately 4 months) reflects the serious nature of this offense, adequately punishes the defendant, and provides adequate specific and general deterrence, in light of the defendant's history and the circumstances of the offense.

### CONCLUSION

For the reasons discussed above, the United States respectfully recommends that the Court sentence the defendant to a term of imprisonment of time served, in accordance with the terms of

---

[2] The United States does not believe that the defendant should be attributed any criminal history points for this conviction. *See* U.S.S.G. § 4A1.2(c)(1).

the written plea agreement negotiated by the parties.[3]   Such a sentence takes into consideration

each of the relevant factors set forth in 18 U.S.C. § 3553(a).

<div style="margin-left: 40%;">

Respectfully Submitted,

Todd W. Blanche
Deputy Attorney General

</div>

By:   _____/s/_____
Alyson C. Yates
Assistant United States Attorney
United States Attorney's Office
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Office: (757) 591-4026
Fax: (757) 591-0866
Email: Alyson.Yates@usdoj.gov

---

[3] The parties also jointly recommend that the Court not impose a fine in this matter.  With regard to supervised release, the parties have agreed to recommend a term of up to 3 years.  The United States submits the issue of supervised release to the Court's sound discretion.  The United States would note that Section 5D1.1(c) provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c).  Here, 18 U.S.C. § 111 does not include a term of mandatory supervision, the defendant is removable from the United States, and he has agreed not to contest immediate removal proceedings.  The Fourth Circuit has held, however, that the imposition of supervised release on a removable alien is procedurally reasonable "where a sentencing court (1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the § 3553(a) factors; and (3) determines that additional deterrence is needed." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 424 (4th Cir. 2015) (internal quotation marks omitted).

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 3, 2026, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

<div align="center">

          /s/

Alyson C. Yates
Assistant United States Attorney

</div>