IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

UNITED STATES OF AMERICA

      v.

FRANCISCO ORLANDO BONILLA
LEIVA,

      Defendant.

Case No. 4:26-cr-3

## STATEMENT OF FACTS

The United States and the defendant, FRANCISCO ORLANDO BONILLA LEIVA (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.      On or about November 5, 2025, in the Eastern District of Virginia, the defendant, FRANCISCO ORLANDO BONILLA LEIVA, did forcibly resist, oppose, impede, and interfere with any person designated in 18 U.S.C. § 1114, to wit: a United States Immigration and Customs Enforcement (ICE) Deportation Officer ("the victim"), while engaged in official duties, and which acts involved the intent to commit another felony, namely, Failure to Depart, in violation of 8 U.S.C. § 1253. ICE is an agency of the United States Department of Homeland Security, an executive branch department of the United States Government.

2.      On November 5, 2025, the Virginia Peninsula Regional Jail (VPRJ) notified the ICE Norfolk Field Office that the defendant—a citizen of Honduras, who was a deportable alien under 8 U.S.C. § 1227(a) and subject to a pending final order of removal issued by an Immigration Judge—had received bond on local criminal charges for domestic assault, fleeing from law enforcement, and obstructing justice.

1

3.      At around 12:15 p.m., the victim—as part of the performance of his official duties—arrived at VPRJ located in Williamsburg, Virginia, to assume custody of the defendant pursuant to the removal order.   The victim identified himself to the defendant as an Immigration Agent with Homeland Security.   He explained to the defendant that he was being arrested for being illegally within the United States.

4.      At around 12:40 p.m., the victim placed the defendant in restraints, which were applied to his wrists and ankles, and secured the defendant in the rear passenger seat of his transport vehicle.   The victim then departed VPRJ en route to the Norfolk Federal Building for further immigration processing and removal of the defendant from the United States.

5.      Shortly thereafter, while traveling east on Merrimac Trail, the defendant unbuckled his seatbelt, pulled on the door handle, and rolled down the window of the moving vehicle, attempting to escape custody.   The victim commanded the defendant to stop, but the defendant disregarded those commands.   The defendant then forcibly impeded attempts to transport him. He successfully escaped custody by jumping out the rear passenger window, while the vehicle was traveling.   The victim stopped his vehicle and activated his emergency lights to alert the vehicles that were traveling behind him.

6.      The victim exited his vehicle and pursued the defendant, who had rolled towards the guardrail on the ground.   The defendant then stood up and jumped over the guardrail.   As the victim attempted to pursue the defendant on foot, the defendant saw the victim, stood up, and crossed the railroad tracks.   By the time the victim was able to get over the guardrail, the victim lost sight of him.   At this point, the victim contacted state and local authorities and informed his ICE supervisor of the escape.

7. The ICE supervisor dispatched another Deportation Officer to the scene, who coordinated a search for the defendant with multiple agencies, including James City County Police Department, Newport News Police Department, York County Sheriff's Office, Williamsburg Sheriff's Office, Virginia State Police, and CSX Railroad Police Department. A two-mile search grid was established, utilizing patrol units, K-9 teams, and drones.

8. The defendant was located and apprehended by James City County Police officers and ICE agents nearly two hours after he escaped from the victim's vehicle. Once apprehended, the defendant was observed to have broken free from his ankle restraints.

9. The defendant took the above actions with the purpose of preventing or hampering his departure from the United States.

10. All of these events took place within the Eastern District of Virginia.

11. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

Date: 3/10/26                    By: _____
                                     Alyson C. Yates
                                     Assistant United States Attorney

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, FRANCISCO ORLANDO BONILLA LEIVA, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*Francisco Orlando Bonilla*
FRANCISCO ORLANDO BONILLA LEIVA

I am Amanda C. Conner, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Amanda C. Conner, Esq.
Attorney for FRANCISCO ORLANDO BONILLA LEIVA

4